## SAINT *v.* THE BOARD OF COMMISSIONERS OF HENRY COUNTY.

[No. 2,136.    Filed February 15, 1898.]

TAXATION.—*Collection of Taxes.—County Treasurer.—Fees.*—Under the provisions of section 5928, R. S. 1881, relative to the fees of a county treasurer for the collection of delinquent taxes, a county treasurer whose term of office had expired before certain delinquent taxes were paid, cannot maintain an action against the board of commissioners of the county for the compensation provided in said statute for the collection of such taxes, although such officer did the greater part of the work which resulted in the collection thereof.

From the Henry Circuit Court.    *Affirmed.*

*Brown & Brown* and *John M. Morris,* for appellant.

*Adolph Rogers,* for appellee.

HENLEY, J.—Action by Albert W. Saint against the board of commissioners of Henry county, Indiana.    The claimant, who is the appellant herein, bases his action upon the following facts:   That he was on the 5th day of August, 1893, and had been for two years prior thereto, the treasurer of Henry county, Indiana, and that as such officer there came into his hands a tax duplicate upon which the Pittsburg, Cincinnati, Chicago & St. Louis Railroad Company was charged with taxes for the year 1891, in the sum of $12,437.28; that he demanded said taxes of said company, and that the said company failed to pay the same or any part thereof, and on the first Mondany of November, 1892, the said taxes became delinquent and a penalty of 10 per cent. attached and was added thereto; that, after said taxes became delinquent appellant demanded said taxes together with the 10 per cent. penalty added thereto; that said company refused to pay the same or any part thereof, and appellant proceeded to enforce the collection of

the same and was about to levy on and seize the property of said company, when he was enjoined and restrained, by legal process from a circuit court in this State, from collecting said taxes until the final determination of the action instituted by the said company; that when said cause was finally determined, the injunction was dissolved, the said company was held liable for said taxes, and upon the 1st day of August, 1894, the said company paid into the county treasury of Henry county, Indiana, the full amount of the taxes due, together with the ten per cent. penalty added for delinquency; that, at the time of the payment of said taxes, appellant's term of office had expired, and the said taxes were paid into and receipted for by Cornelius M. Moore, appellant's successor in office; that said Moore did nothing towards the collection of said taxes except to receive the same when paid in; and appellant claims that as treasurer of said county he was, and now is, entitled to six per cent. upon the amount of said taxes.

The appellant basing his claim upon the foregoing facts, filed the same in the commissioners' court of Henry county, Indiana, where it was disallowed. Appellant appealed to the circuit court. The circuit court held the complaint insufficient upon demurrer, and judgment in favor of appellee was rendered thereon. The only error assigned in this court is the action of the lower court in sustaining the demurrer to appellant's complaint. The whole contention of appellant is, that because he did the greater part of the work which finally resulted in the collection of certain taxes which were paid after his term of office had expired, that he should be paid the fees provided by statute for treasurers at the time taxes became delinquent, whenever the taxes might be paid. This contention cannot be sustained. Appellant's fees as

county treasurer were regulated by section 5928, R. S. 1881, which is as follows: "County treasurers shall also charge and receive, as a further compensation, at the rate of one per centum on the first one hundred thousand dollars of taxes by them collected, and on all sums collected in excess thereof, one-half of one per cent. They shall also receive and retain out of all delinquent taxes collected, six per centum when paid voluntarily and without levy, and six per centum if paid after levy. Treasurers shall, for their services in going to Indianapolis and returning by the nearest route by railroad, to make their semi-annual settlements with the State Treasurer, receive from the State Treasurer at the rate of ten cents per mile."

It is not claimed by appellant that the taxes were collected during his term of office, and yet the plain language of the statute is that the county treasurer "shall receive and retain out of all delinquent taxes collected six per centum, etc."

County officers receive only such compensation as the law gives them, and they must receive it in the manner prescribed by law, and there could be no doubt but that, if the appellant had collected the delinquent taxes from the said company during his term, he could under section 5928, R. S. 1881, have retained six per cent. of the amount of the taxes.

The per centum added to the amount of taxes against any taxpayer after a certain time for nonpayment is a penalty, and is so named in the statute, and is not for the purpose of providing fees for county treasurers. Section 8570, Burns' R. S. 1894. The lower court properly sustained the demurrer to appellant's complaint. Judgment affirmed.